UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JASON BONTRAGER, | ) |
| Plaintiff, | ) |
| | ) Case No. 1:18-cv-354 |
| vs. | ) |
| AIRSIGN, INC., | ) |
| | ) **JURY DEMAND** |
| Defendant. | ) |

### COMPLAINT AND DEMAND FOR JURY DEMAND

Plaintiff, Jason Bontrager ("Mr. Bontrager") hereby states his cause of action against Defendant AirSign, Inc. ("AirSign"):

### PARTIES AND JURISDICTION

1. Mr. Bontrager is an individual who is a resident of and domiciled in Indiana. He lives now, and at all relevant times in Elkhart County.

2. AirSign is a Florida Corporation with its principal place of business at 12 NW 5th Place Williston, Florida and a registered agent of Patrick Walsh ("Mr. Walsh") at 12 NW 5th Place, Williston, Florida.

3. In this action, Plaintiff demands damages for failure to pay on a promissory note ("the note") in the amount of two hundred eighteen thousand seven hundred and fifty dollars and 00/1000 ($218,750.00). As a result, the claim for damages is greater than $75,000.

4. The note states that it shall be governed by and construed in accordance with the laws of the State of Indiana.

5. Based on the foregoing, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## COUNT I
## Collection on Promissory Note

6.      Plaintiff incorporates by reference Paragraphs 1 through 5 as Paragraph 6, Count I of this Complaint.

7.      AirSign, on or about November 17, 2017, executed and delivered Mr. Bontrager the first document ("document one") whereby AirSign promised to pay Mr. Bontrager on or before December 15, 2017 with interest at the rate of seventeen thousand five hundred dollars and 00/100 ($17,500) or 10% for the month. A true and accurate copy of document one, signed by Mr. Walsh, AirSign's registered agent, is attached hereto as **Exhibit A**.

8.      In consideration for the execution and delivery, Mr. Bontrager loaned AirSign the sum of one hundred seventy five thousand and 00/100 ($175,000.00).

9.      On December 15, 2017, Mr. Bontrager and AirSign executed and delivered document two. In exchange for interest in the total amount of twenty six thousand two hundred fifty and 00/100 ($26,250.00), or 15% for the month, the document matured on January 15, 2018.  A true and accurate copy of document two is attached hereto as **Exhibit B**.

10.     Together, these documents created the note whereby AirSign shall repay to Mr. Bontrager one hundred seventy five thousand dollars and 00/100 ($175,000.00) in principal, plus seventeen thousand five hundred dollars and 00/100 ($17,500.00) in interest for document one and twenty six thousand two hundred fifty and 00/100 ($26,250.00) in interest for document two. These documents create one note that should be read together as the second does not substitute nor replace the first. The note matured on January 15, 2018.

11.     On January 15, 2018, the day the note matured, AirSign still had not paid Mr. Bontrager.

12. AirSign has failed to pay the monies owed to Mr. Bontrager, as required by the note on or before January 15, 2018. Despite repeated demands for payment, AirSign has refused to make payments under the note.

13. On January 19, 2018, Mr. Walsh admitted that he was "in fault by optimistically assuming" that he would get funding to pay off the interest for the note.

14. On January 29, 2018, Mr. Bontrager sent AirSign a demand for the payment of the note, which was not paid. A true and accurate copy of the demand letter is attached hereto as **Exhibit C**.

15. AirSign has breached its obligations under the note and is now liable to Mr. Bontrager in the amount of said promissory note, together with interest, totaling two hundred eighteen thousand seven hundred and fifty dollars and 00/1000 ($218,750.00).

WHEREFORE, Jason Bontrager, by counsel, demands judgment against AirSign, Inc. in the amount of two hundred eighteen thousand seven hundred and fifty dollars and 00/1000 ($218,750.00), and, as the amount requested in definite and ascertainable, the statutory pre-judgment rate of 8% per annum, and other relief this Court deems just.

[*SIGNATURE PAGE FOLLOWS*]

Respectfully Submitted,

/s/ *Lauren V. Nottoli*
Lauren V. Nottoli (34716-71)
Joseph R. Fullenkamp (14246-71)
BARNES & THORNBURG LLP
700 1st Source Bank Center
100 North Michigan Street
South Bend, Indiana 46601
Telephone: (574) 233-1171
Facsimile:  (574) 237-1125
E-mail: lnottoli@btlaw.com
         jfullenkamp@btlaw.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I do hereby certify that a copy of the foregoing *Notice of Appearance* will be served along with the Summons and Complaint.

/s/ *Lauren V. Nottoli*
Lauren V. Nottoli (34716-71)
BARNES & THORNBURG LLP
700 1st Source Bank Center
100 North Michigan Street
South Bend, Indiana 46601
Telephone: (574) 233-1127
Facsimile:  (574) 237-1125
E-mail: lnottoli@btlaw.com

*Attorneys for Plaintiff*

DMS 11569595v1

4